Filed 12/11/20  P. v. Crosley CA3

## <u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C091921 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF06035) |
| v. | |
| JAMES LUCKY CROSLEY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant, James Lucky Crosley, has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We will modify the judgment to correct the amount of the mandatory conviction assessment fee imposed and will direct the trial court to correct other clerical errors and omissions in the sentencing order and abstract of judgment.  Finding no other errors that are favorable to defendant, we will affirm the judgment as modified.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The People's September 18, 2019, complaint charged defendant with driving under the influence (DUI) of alcohol within 10 years of a felony DUI or vehicular manslaughter (Veh. Code, §§ 23152, subd. (a), 23550.5, subd. (a);[1] count 1) and driving with a blood-alcohol content 0.08 percent or higher within 10 years of a felony DUI conviction or vehicular manslaughter (§§ 23152, subd. (b), 23550.5, subd. (a); count 2). It was also alleged as to both counts that defendant had suffered a conviction for driving under the influence of alcohol in violation of section 23152, subdivision (a) in June of 2013 and that his blood-alcohol content had been more than 0.15 percent (§ 23578).

On January 8, 2020, defendant pled guilty to count 2 and admitted the enhancements. The remaining count was dismissed with a *Harvey*[2] waiver. The parties stipulated the factual basis for his plea would be taken from the probation report.

On March 11, 2020, the trial court denied defendant's request for probation and sentenced defendant to the upper term of three years for defendant's tenth DUI conviction. Defendant was awarded credit for nine actual days, plus eight conduct days for a total of 17 days custody credit.

The court also imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $300 suspended parole revocation restitution fine (Pen. Code, § 1202.45), as well as DUI fines and fees as incorporated from page 10, number 3 of the probation report. These amounts were a base fine of $460 (§ 23530) and penalty assessments of: $92 (Pen. Code, § 1465.7), $230 (Gov. Code § 70372, subd. (a)), $460 (Pen. Code, § 1464), $322 (Gov. Code, § 76000), $46 (Gov. Code, § 76104.6), $184 (Gov. Code, § 76104.7), $4 "EMAT", and $50 (§ 23645). Also imposed in the incorporated portion of the probation report

---

[1] Undesignated statutory references are to the Vehicle Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

were a $40 court operations assessment (Pen. Code, § 1465.8) and $30 without an identified statutory basis, which we understand to be the $30 court conviction assessment that must be imposed on each count of conviction pursuant to Government Code section 70373.[3] The court recited some of these incorporated amounts, including "$40 pursuant to 70373 of the Government Code."

Defendant timely appealed and did not request a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we observe that the court misspoke when identifying the court conviction assessment fee as $40, not the $30 it was required to impose. (Gov. Code, § 70373, subd. (a)(1) [requiring a $30 assessment be imposed on every count of conviction for a felony or misdemeanor offense].) We will modify the judgment to correct this error.

Further, we observe several other errors requiring trial court correction. Neither the trial court, nor the probation report identified the statutory basis for the $4 EMAT. We believe the statutory basis for that fee is Government Code section 76000.10, subdivision (c). We will direct the court to confirm this is the statutory basis for imposing that amount and to add the statutory basis to the abstract of judgment and sentencing order.

---

[3] The probation report's financial chart of fines and fees also lists this $30 court conviction assessment fee as being imposed pursuant to Government Code section 70373.

3

The abstract of judgment inaccurately lists the statutory basis for the $50 penalty assessment as Penal Code section 1463.16, not section 23645 as incorporated by reference by the court at sentencing.  Finally, all parties were incorrect in identifying the statutory basis for defendant's $460 base fine as section 23530 and not section 23550.5.  On June 26, 2020, defendant's counsel submitted a Penal Code section 1237.2 request in the trial court requesting the court correct this error.  We will direct the trial court to correct the statutory basis for the penalty assessment and base fine on the abstract of judgment.

Our review has disclosed no other errors in defendant's favor.

### DISPOSITION

The judgment is modified to make clear that the court conviction assessment fee imposed by the court was for $30, not the $40 orally stated by the court at sentencing.  (Gov. Code, § 70373.)  The trial court is directed to correct the other errors identified in this opinion, including consideration of defendant's June 26, 2020, letter requesting correction of the code section under which he was assessed a $460 base fine.  The court shall then modify the sentencing order and abstract of judgment and forward the amended abstract to the Department of Corrections and Rehabilitation.  The judgment is affirmed as modified.


                                          /s/                          
                                          HOCH, J.


We concur:


 /s/                                
ROBIE, Acting P. J.


 /s/                                
MURRAY, J.


4